■ HORACE BULLARD et al., Appellants, v WHITEHALL REALTY Co., Respondent.—Order of the Supreme Court, Bronx County (Silbowitz, J.), entered February 21, 1985, denying plaintiffs' motion for a preliminary injunction staying defendant Whitehall Realty Co. from selling plaintiffs' apartment and an apartment whose insider rights were assigned to plaintiffs, pending determination of this action, is unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the preliminary injunction granted.

Plaintiffs are the tenants of an apartment in a Riverdale building and admittedly entitled to purchase the shares allocated to this apartment at the insider price pursuant to a fourth amendment to the cooperative conversion offering plan for the building. They are also the assignees of the right to purchase another apartment in the building at the insider price. The shares are presently held by defendant Whitehall Realty Co., the plan's sponsor, who owns all unsold shares.

Defendant refuses to sell the shares to the two apartments unless plaintiffs pay some $50,000 in rent arrearages, the bulk of which is owed to the previous landlord and owner of the building, Ambassador. Plaintiffs had been withholding rent from Ambassador, claiming a breach of the warranty of habitability. Ambassador had brought a summary dispossess proceeding against plaintiffs for nonpayment of rent, at which plaintiffs raised this defense. Ambassador failed to comply with certain disclosure which was ordered and abandoned the summary proceeding, leaving plaintiffs' claim unresolved. Thus, to date, plaintiffs have not paid rent for some three years.

Special Term denied plaintiffs' motion for a preliminary injunction but extended plaintiffs' time to purchase the apartments upon the condition that they pay all rental arrearages plus the insider purchase prices to the two apartments. The court erred in denying the preliminary injunction. Plaintiffs have demonstrated sufficient likelihood of success on the merits of their claim that defendant Whitehall Realty Co. is not entitled to the $50,000 rental arrearages as a condition to plaintiffs' purchasing the apartments. They have also shown that they will suffer irreparable damage if they are not permitted to purchase the apartments and preponderating equities in their favor.

To begin with, the former landlord, Ambassador, did not assign its rights to the rental arrearages to defendant White-hall Realty Co., and thus defendant has not demonstrated that the arrearages are owed to it. Also, the subscription agreement permits cancellation of the agreement if the tenant was in default, which default must result in "a final court order of eviction." The landlord Ambassador had sought to evict plaintiffs but abandoned the proceeding. Additionally the amount of money owing has never been adjudicated due to the as of yet unresolved claim of breach of warranty of habitability. All these factors point to plaintiffs' likelihood of success. Also plaintiffs will undeniably suffer harm if they are not permitted to purchase the apartments to which defendant admits they are entitled. Lastly, the equities favor the tenants in this action. Accordingly, the preliminary injunction is granted. Concur—Murphy, P. J., Carro, Asch, Bloom and Milonas, JJ.